UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEAN A. BROCKNER,

                        Plaintiff,

              -vs-                                            07-CV-703-JTC

PETER GEREN, Acting Secretary,
United States Department of the Army,

                        Defendant.

---

Plaintiff filed this action on October 22, 2007, seeking damages for violation of the Americans with Disability Act ("ADA"), 42 U.S.C.A. 12101, *et seq*., against Peter Geren, Acting Secretary of the Department of the Army. As reflected on the court's docket, the complaint was served on the Acting Secretary on October 23, 2007, along with a summons advising that an answer to the complaint was required within 20 days after service (Item 2). On July 1, 2009, the Clerk of the Court entered default against defendant for failing to appear or otherwise defend the action (Item 5).

On December 8, 2009, defendant[1] moved to set aside the entry of default (Item 6). Plaintiff's counsel was directed to file a response by January 19, 2010 (Item 9), but no response has been filed. Accordingly, and for the following reasons, the motion to set aside the entry of default is granted.

---

[1] By way of the motion to set aside the default, the court was advised that John M. McHugh has assumed the duties of Secretary of the Army (*see* Item 6). Accordingly, Pursuant to Fed. R. Civ. P. 25(d), John M. McHugh is hereby substituted for former Acting Secretary Peter Geren as the defendant in this action.

Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a default, Rule 55(c) allows the court to set aside the default for "good cause." Fed. R. Civ. P. 55(c). *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

The Second Circuit has defined three criteria a court should consider to set aside an entry of default. These "widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96. The court may also consider "[o]ther . . . equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* In recognition of the judicial preference for resolving cases based on the merits, default judgments are "generally disfavored" and "reserved for rare occasions." *Id.* Thus, any doubt over whether the motion should be granted should be construed in favor of the defendant and "'good cause' . . . should be construed generously." *Id.*

A defendant's default is willful when "based on egregious or deliberate conduct." *Joe Hand Promotions, Inc. v. Capomaccio*, 2009 WL 3268558, at *3 (W.D.N.Y. Oct. 6, 2009). Clearly, in this case the defendant's failure to file a timely response to the complaint was not due to any deliberate bad faith conduct. Rather, as set forth in the affidavit of Assistant United States Attorney Mary K. Roach (Item 6-1), no attempt was made to serve the United States Attorney for the Western District or the Attorney General, as required under Fed. R. Civ. P. 4(i)(1)(A) and (B).

Next, the court should consider whether granting the motion will result in prejudice to the plaintiff. "For a delay in filing an answer to prejudice plaintiff, the delay must result in the 'loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Joe Hand Promotions*, 2009 WL 3268558, at *5 (quoting *Jones v. Herbert*, 2004 WL 3267285, at *3 (W.D.N.Y. 2004)). To aid this determination, courts have required the plaintiff to "provide[ ] persuasive facts to establish that it would be prejudiced in vacating the default and allowing defendants to respond to the Complaint." *Id.* at *5. In the absence of a response to the motion to set aside the default in this case, the court has no basis for finding that plaintiff would suffer any prejudice if the motion is granted.

With regard to the "meritorious defense" factor, there is nothing in the record before the court to indicate whether the defendant's evidence, "if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 96. However, considering the equities under the circumstances presented, entry of default judgment against defendant on the basis of plaintiff's failure to comply with the Federal Rules would result in resolution of the dispute without an opportunity to defend on the merits which, in the court's view, would be both harsh and unfair.

Accordingly, upon consideration of the circumstances as a whole as reflected in the sparse record now before the court, the court finds that good cause exists for setting aside the entry of default in this case.

## **CONCLUSION**

Based on the foregoing, defendant's motion (Item 6) to set aside the entry of the default is granted pursuant to Rule 55(c). Plaintiff's counsel is directed to effect service of the summons and complaint on the United States forthwith, in accordance with Rule 4(i).

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: July 22 , 2010
p:\opinions\07-703.july142010