UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEAN A. BROCKNER,

                          Plaintiff,

                -vs-                                       07-CV-703-JTC

JOHN M. MCHUGH, Secretary of the Army,

                          Defendant.

---

Plaintiff Jean A. Brockner filed this action on October 22, 2007, against Peter Geren, Acting Secretary of the Department of the Army,[1] seeking money damages for discrimination in her employment with the United States Army Corps of Engineers, in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq*. The complaint was served on the Acting Secretary on October 23, 2007, along with a summons advising that an answer to the complaint was required within 20 days after service (*see* Item 2). On July 1, 2009, upon plaintiff's request, the Clerk of the Court entered default against defendant for failing to appear or otherwise defend the action (Item 5).

On December 8, 2009, defendant moved to set aside the entry of default (Item 6). The court directed plaintiff's counsel to file a response by January 19, 2010 (Item 9), but no response was filed. By order entered July 26, 2010, this court granted defendant's motion to set aside the entry of default, finding that defendant's failure to respond to the complaint in a timely manner was not due to any deliberate bad faith conduct on

---

[1] By order entered July 26, 2010, this court substituted John M. McHugh, the current Secretary of the Army, for former Acting Secretary Peter Geren as the proper defendant in this action, in accordance with Fed. R. Civ. P. 25(d) (*see* Item 10, n. 1).

defendant's part, but rather was occasioned by plaintiff's failure to serve the summons and complaint on both the United States Attorney for the Western District of New York and the Attorney General of the United States, as required under Rules 4(i)(1)(A) and (B) of the Federal Rules of Civil Procedure (*see* Item 10). The court directed plaintiff's counsel to effect service of the summons and complaint on the United States in accordance with Rule 4(i), "forthwith" (*id.* at 4). The court's docket reflects that on July 30, 2010, plaintiff caused a copy of the summons and complaint to be served on the U.S. Attorney's Office (*see* Item 11), but to date no attempt has been made to serve the Attorney General.

On August 20, 2010, defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) based on plaintiff's failure to comply with the requirements for service of process set forth in Rules 4(i) and (m) (*see* Items 12, 13). The court then issued a notice (Item 14) directing plaintiff's counsel to respond to the motion to dismiss on or before September 17, 2010, and allowing time for a reply by defendant. On November 12, 2010, the deadline for plaintiff's response having long passed, the court entered an order giving plaintiff's counsel one further opportunity to respond to the motion to dismiss, and warning "that failure to file a response to this motion [by December 6, 2010] may result in dismissal of this action." Item 16.

On December 6, 2010, plaintiff's counsel filed an affidavit, in which he offers the explanation that his failure to fully and properly effect service was caused by "personal situations and work load" (Item 17, ¶ 7). Counsel requests an additional one week extension "to file the Complaint with [the] local U.S. Attorney's Office and that this motion be dismissed or that the motion be held in abeyance for the one week to determine whether or not process has been completed." *Id.* at ¶ 9.

Granting this latest request for a further extension would not cure the defect in service. Rule 4(i)(1) provides that, to properly serve the United States, a party must:

>   **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>
>   **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>   **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>   **(C)** if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Rule 4(i)(2) requires that to properly serve a United States agency or an officer or employee sued only in an official capacity, a party "must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. Rule 4(i)(2). Further, Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In this case, the U.S. Attorney's Office was not served with a copy of the summons and complaint until July 30, 2010, nearly two years and eight months after the complaint was filed, and as of the date of this order the Attorney General's office has still not been served. Counsel's stated reasons for failing to effect proper service fall far short of the

"good cause" required for an extension under Rule 4(m). *See, e.g., National Union Fire Ins. Co. v. Sun*, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994) ("'Good cause' or 'excusable neglect' is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.") (citing cases)). Indeed, where it is apparent that the failure to effect proper service is the result of counsel's ignorance of the rules, inadvertence, or inability to effectively manage his caseload, courts have shown little leniency. *See, e.g., Klein v. Williams*, 144 F.R.D. 16, 19-20 (E.D.N.Y. 1992); *see also Davis v. City of New York*, 2008 WL 2511734, at *4 (S.D.N.Y. June 19, 2008). As noted in *National Union*, "though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." 1994 WL 463009, at *4; *see also Mused v. U.S. Dept. of Agriculture Food and Nutrition Service*, 169 F.R.D. 28, 33 (W.D.N.Y. 1996) ("'Creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect.'") (quoting *Alexander v. Forest City Pierrepont Assoc.*, 1995 WL 406135, at *3 (E.D.N.Y. June 26, 1995)).

Here, there is no showing of affirmative conduct on the part of the government, or any other circumstances beyond the control of plaintiff's counsel, that could be seen as contributing to the delay in service on either the U.S. Attorney or the Attorney General. Rather, the record reflects that counsel did nothing to effect proper service upon the United States in accordance with Rule 4(i) after having been made aware of the deficiencies in service by virtue of the government's December 2009 motion to set aside the default.

Following entry of the court's July 26, 2010 order, which contained specific notice of the service requirements and clear direction to effect proper service forthwith, counsel served the U.S. Attorney but not the Attorney General. Although his most recent request for additional time to "file the Complaint with [the] local U.S. Attorney's Office" could be viewed as mere oversight, when considered along with the circumstances outlined above, counsel's failure to effect proper service in this action more than three years after filing the complaint reflects a profound misunderstanding of–or worse, disregard for–the rules governing service of process upon the United States, which cannot be countenanced.

Based on the foregoing, defendant's motion (Item 12) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) for insufficient service of process is granted, and the case is dismissed without prejudice. The Clerk of the Court is hereby directed to enter judgment in favor of defendant and to take all steps necessary to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 12/9 , 2010
p:\pending\2007\07-703.dec7.2010